# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASBIR KAUR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00367-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(ECF No. 2)<br><br>**FOURTEEN DAY DEADLINE** |

　　　　Plaintiff Jasbir Kaur filed a complaint on March 29, 2022, challenging a final decision of the Commissioner of Social Security denying her application for disability benefits. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

　　　　In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed

1

*in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed IFP, but her poverty must prevent her from paying the filing fee and providing herself and her dependents (if any) with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

In assessing whether a certain income level meets the poverty threshold under §1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); see also Paco v. Myers, No. 13-00701 ACK-RLP, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015); see also U.S. v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (the court has discretion to make a factual inquiry into a plaintiff's financial status and deny an IFP application if she is unable or unwilling to verify her poverty). Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of [her] money, received from any source." Evans v. Sherman, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995)); see also Kurz v. Zahn, No. 1:11-cv-00342-EJL-MHW, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

Plaintiff has not worked since 2014, but her husband works and earns a monthly gross salary of $2,351.68 (*i.e.*, $28,220.16 annual gross). (ECF No. 2 at 1–2.) The Court may consider Plaintiff's spouse's financial resources in determining whether she is entitled to IFP status. See Escobedo, 787 F.3d at 1236. Based on Plaintiff's representation that she and her husband provide their adult "dependent" son $200 per month, it is unclear whether the son is properly considered a dependent in the household. Regardless, Plaintiff's annual household income remains greater

than the 2022 federal poverty guideline for a household of either two ($18,310) or three ($23,030) persons. See 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Mar. 30, 2022).

While Plaintiff's application reflects monthly expenses greater than monthly income,[1] the Court notes Plaintiff currently holds $3,200 in her checking/savings account. See Lintz v. Donahoe, No. 2:14-cv-0224-JAM-DAD PS, 2014 WL 1338782, at *1 (E.D. Cal. Apr. 2, 2014) (denying IFP status where plaintiff had $3,000 in savings even though expenses exceeded income). Furthermore, courts in this district have denied applications to proceed IFP, even where the budget "appear[s] tight," if the itemized monthly expenses reflect at least some extent of discretionary spending beyond strict necessity. See, e.g., Salmeron v. Saul, No. 1:21-cv-00413-BAM, 2021 WL 2302724, at *1 (E.D. Cal. May 11, 2021) (recommending denial of application where household income nearly doubled poverty guidelines and expenses reportedly greater than income were "inconsistent"); Badillo v. Comm'r of Soc. Sec., No. 1:20-cv-00393-SAB, 2020 WL 2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where internal inconsistencies of reported income and expenses — including $1,500 per month for two cars and $1,000 per month for food in household of two — did not suggest plaintiff was living in poverty); Jones v. Comm'r of Soc. Sec., No. 1:19-cv-01049-SAB, 2019 WL 11234222, at *2 (E.D. Cal. Aug. 15, 2019) (recommending denial of application where household income nearly doubled poverty guidelines), report and recommendation adopted, No. 1:19-cv-01049-DAD-SAB, 2019 WL 11234224 (E.D. Cal. Oct. 23, 2019). Here, Plaintiff indicates she and her husband currently own a home worth $345,000 as well as three cars — a 2020 Toyota Camry worth $23,837, a 2018 Toyota RAV 4 worth $23,069, and a 2013 Volkswagen Passat worth $4,464 (and fully paid off). These assets, as well as Plaintiff's purported household expenses, do not suggest that Plaintiff is living in poverty. Indeed, the Court notes the reported expenses include car payments for two of Plaintiff's three vehicles, plus insurance, exceeding $1,100 per month (over two-thirds the cost of

---

[1] Plaintiff identifies the following monthly expenses: $1,501.24 for mortgage and escrow payments; $839.47 for car payments; $293 for car insurance; $418.51 for utilities; $74.99 for internet; $189.45 for cell phone bills; $240 in transportation costs; and $50 for physical therapy. Additionally, Plaintiff claims she and her husband owe $235,851 on their mortgage; $1,000 to a family member for a personal loan; $250 towards medical bills for physical therapy; and $473.40 in credit card debt.

3

Plaintiff's monthly mortgage and escrow payment, and almost three times the cost of the instant filing fee). These facts, in addition to the gap between Plaintiff's household income and the federal poverty line for a household of two (or even three), suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life.

> To be sure, the court is sympathetic to the fact that plaintiff does not have a "large" income, and also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.[2]

Core v. Cal. Controllers Off., No. 2:18-cv-0155-MCE-KJN PS, 2018 WL 1569416, at *1 (E.D. Cal. Mar. 30, 2018) (denying IFP); see also Shoaga v. Nelson, No. 2:21-cv-1953-JAM-CKD, 2021 WL 5566747, at *1 (E.D. Cal. Nov. 29, 2021), report and recommendation adopted, 2021 WL 6052196 (E.D. Cal. Dec. 21, 2021) (same).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be DENIED (ECF No. 2); and
2. Plaintiff be ordered to pay the $402.00 filing fee in full in order to proceed with this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If Plaintiff submits objections, she is expected to address the discrepancy regarding her husband's listed income and expenses, and to

---

[2] Acknowledging the fact that ". . . sometimes words have two meanings," LED ZEPPELIN, Stairway to Heaven, on LED ZEPPELIN IV (Atlantic Records 1971), this Court respectfully adds quotation marks to the characterization of the Shoaga and Core plaintiffs' incomes as "not large," where Shoaga's total net annual income was nearly five times the poverty guideline and Core's annual income was over three and a half times the poverty guideline.

further address the various expenses listed in the application, which appear excessive in relation to a claim of entitlement to proceed IFP. Alternatively, Plaintiff may elect to pay the required filing fee.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 1, 2022**

UNITED STATES MAGISTRATE JUDGE